SHAFFER, Appellee,

v.

MYERS et al., Appellants.

[Cite as *Shaffer v. Myers* (1992), 79 Ohio App.3d 293.]

Court of Appeals of Ohio,
Clark County.

No. 2832.

Decided April 20, 1992.

*Thomas E. Trempe,* for appellee.

*David Hartley,* for appellants.

FAIN, Presiding Judge.

Defendants-appellants Richard Myers and Jenny Lykins Myers appeal from an injunction issued to enforce a Springfield Township zoning restriction. The Myerses contend that the applicable zoning resolution does not preclude them from parking a truck in their garage, and that, in the alternative, a contrary interpretation of the zoning resolution is illegal and unenforceable. We conclude that the plain meaning of the words used precludes the Myerses from parking their truck in their garage, and that the zoning resolution, so interpreted, is not illegal and unenforceable. Accordingly, the judgment of the trial court is affirmed.

## I

The following facts were stipulated:

"1. The Myerses own or have possession and control of a truck over 3/4 ton rated capacity. When this truck is on the property of the Myerses, * * * it is kept in the garage on said property at least 85% of the time.

"2. During overnight hours, said truck of the Myerses is kept inside the garage * * *.

"3. Said truck is used by Richard Myers on a daily basis during the week (Monday–Friday)."

Based upon the stipulation, the trial court found "that this constitutes overnight parking of a three-quarter ton truck in a residential district in violation of Section 2308(A) of the Springfield Township Zoning Resolution."

## II

The Myerses' first assignment of error is as follows:

"The Court of Common Pleas erred in not finding that Section 2803 of the Springfield Township Zoning Resolution permits Mr. Myers to store his truck in his garage overnight."

Section 2803 of the Springfield Township Zoning Resolution provides as follows:

"Accessory uses not permitted—residential office, office-residential, and agricultural districts.

"None of the following shall be permitted as an accessory use in a Residential or Office district:

"A. Overnight parking or outdoor storage of trucks over three-fourths (3/4) ton rated capacity, buses or mobile homes.

"B. Outdoor storage, unless specifically permitted by the specific zoning district regulations."

The question we are asked to decide is whether the Myerses' practice of putting their truck in their garage overnight violates Section 2803 of the zoning resolution. In our view, Section 2803 unambiguously prohibits overnight parking whether it is of the indoor or outdoor variety. The adjective "outdoor" is intended to modify only the noun "storage," which it precedes, not "parking," which is separated from it by the disjunctive "or."

The Myerses argue that the apparent legislative purpose underlying the prohibition is to eliminate large trucks from view, and that this purpose is satisfied by parking their truck in their garage overnight. Therefore, the Myerses argue that an interpretation of Section 2803 as prohibiting indoor overnight parking would be illogical and absurd. However, as Springfield Township argued at oral argument, another possible purpose for the restriction in Section 2803 is to eliminate the frequent arrivals and departures of large trucks, with their associated engine noises and odors, from a residential neighborhood. This is more consistent with the wording of the resolution.

The Myerses' first assignment of error is overruled.

### III

The Myerses' second assignment of error is as follows:

"The Court of Common Pleas erred in not finding that Mr. Shaffer's interpretation of Section 2803 of the Springfield Township Zoning Resolution is illegal and unenforceable."

For the reasons set forth in Part II, above, we conclude that Section 2803 is neither unreasonable nor unenforceable insofar as it prohibits a large truck

from being parked overnight regardless of whether it is parked indoors or outdoors.

The Myerses' second assignment of error is overruled.

## IV

Both of the Myerses' assignments of error having been overruled, the judgment of the trial court is affirmed.

*Judgment affirmed.*

BROGAN, J., concurs.

WILSON, J., dissents.

WILSON, Judge, dissenting.

The primary purpose behind the enactment of the resolution in this case appears to be aesthetic.

The resolution prohibits all outdoor storage in residential districts unless specifically permitted. It also prohibits the overnight parking of trucks over three-fourths ton.

A violation of the resolution is a misdemeanor. It follows that the resolution should be strictly construed. R.C. 2901.04(A).

In my view, the legislative purpose behind the enactment of the resolution was to prohibit outdoor storage and the open view of large trucks either overnight or for extended periods of time.

I would reverse.